# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

ANNAMARIE D. RIETHMILLER,

    Plaintiff,

v.                                                              Case No. 8:11-cv-2194-T-30MAP

STATE OF FLORIDA,

    Defendant.

_____/

## ORDER

THIS CAUSE comes before the Court upon the Emergency Motion for Preliminary Injunction filed by *Pro Se* Plaintiff AnnaMarie D. Riethmiller (Dkt. 1). The Court, having reviewed the motion, exhibits filed in support of same, including Plaintiff's affidavit, and being otherwise advised in the premises, concludes that Plaintiff's emergency motion should be denied.

This is the sixth case Plaintiff has filed in the Middle District of Florida, Tampa Division. The previous five cases were dismissed for lack of jurisdiction and/or for being barred under the *Rooker-Feldman* doctrine. Although not a model of clarity, Plaintiff's motion appears, yet again, to seek an emergency injunction preventing the 12th Judicial District Court in and for Manatee County to proceed with a hearing, which, notably, was scheduled for today, September 27, 2011, at 1:30p.m. It appears that Plaintiff is arguing that the state court should not proceed with the hearing until Plaintiff's husband, William

Riethmiller, has been declared fit to stand trial by a panel of psychiatrists pursuant to a Baker Act proceeding.

As the federal judges in this district held in Plaintiff's prior cases, in which she was seeking emergency injunctive relief arising from actions occurring in state court,[1] this court does not have jurisdiction over these matters. Indeed, Plaintiff does not allege any jurisdictional basis. And in non-diversity cases, federal courts do not have jurisdiction over purely state matters like the instant case.

Also, because Plaintiff's motion is entirely unclear and almost insensible, to the extent Plaintiff is challenging a previous state-court judgment, such a challenge would be barred by the *Rooker-Feldman* doctrine. This doctrine derives its name from two Supreme Court decisions, *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). It "precludes lower federal court jurisdiction over claims seeking review of state court judgments ... no matter how erroneous or unconstitutional the state court judgment may be." *Brokaw v. Weaver,* 305 F.3d 660, 664 (7th Cir. 2002) (citing *Remer v. Burlington Area Sch. Dist.,* 205 F.3d 990, 996 (7th Cir. 2000)). The doctrine applies not only to claims that were actually raised before the state court, but also to claims that are inextricably intertwined with state court determinations. *See Feldman,* 460 U.S. at 482 n. 16, 103 S.Ct. 1303. Accordingly, a state litigant seeking review of a state court judgment must follow the

---

[1] *See* 10cv1763, 10cv1892, 10mc84, 10mc94, 10mc95.

appellate process through the state court system. *See Stevens v. Deutsche Bank Nat. Trust Co.*, 2009 WL 248239 (M.D. Fla. Jan. 30, 2009).

It is therefore ORDERED AND ADJUDGED that:

1. The Emergency Motion for Preliminary Injunction filed by *Pro Se* Plaintiff AnnaMarie D. Riethmiller (Dkt. 1) is DENIED.

2. The CLERK is directed to close this case and terminate any pending motions as moot.

**DONE** and **ORDERED** in Tampa, Florida on September 27, 2011.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2011\11-cv-2194.emergencymt1.frm